UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOLUTIONS EXPRESS d/b/a SOLEX    :

                 Plaintiff,      :     Civil Action No: 7:20-cv-07843(CS)

      - against -          :    **STIPULATED AND [PROPOSED]**
                              :    **PROTECTIVE ORDER**

ASHLEY FURNITURE INDUSTRIES, INC.,  :

            Defendant.     :

                              :

WHEREAS, during the course of the above-captioned action (the "Action"), parties or non-parties may be required to produce information that the party or non-party from whom information is sought considers to be valuable, sensitive, a trade secret, or otherwise confidential. Accordingly, the parties through their undersigned counsel hereby stipulate as follows:

1.      Any person subject to this Protective Order who receives from any other person any information of any kind — whether in documents (including electronic documents), testimony, or any other form — provided in the course of this litigation ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Protective Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

2.      The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's business, commercial, financial, or personal interests.

3.    With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition, in which case the court reporter shall be instructed to mark each designated page as Confidential, or within ten (10) business days of receipt of the transcript. All transcripts shall be considered Confidential Discovery Material and shall be subject to this Protective Order until expiration of such ten (10) day period.

4.    No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

(a)    those directors, officers, employees and agents ("Representatives") of the parties who have a need to know in connection with the Action and who have executed Exhibit A, which is attached to this Protective Order;

(b)    counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter, as well as any copy services retained by such counsel;

(c)    any mediator;

(d)    any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, as well as his or her counsel;

(e)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this Action;

2

(f)     any persons who authored, received or otherwise were involved in the substance of the matters set forth in the Confidential Discovery Material; or

(g)     insurers under directors' and officers' liability policies or other insurance policies that provide or may be deemed to provide coverage for the claims asserted in this action and counsel to such insurers.

(h)     stenographers engaged to transcribe depositions conducted in this action;

(i)     the Court and its support personnel, including as exhibits or submissions to the Court in and as part of any proceedings, motions, trials or appeals in connection with the Action; and

(j)     Any other person agreed to by the parties in writing, and subject to the prior execution by such person of a copy of the acknowledgement in the form attached hereto as Exhibit A.

(k)     Before any person described in sections 4(d) and 4(e) above is given access to Confidential Discovery Material, that person shall sign an acknowledgement in the form attached hereto as Exhibit A.  Counsel shall be responsible for maintaining copies of all acknowledgements signed by persons receiving Confidential Discovery Material. Upon an Order of the Court after a showing of good cause, all acknowledgements shall be available for inspection by other counsel.

5.     Material and information of another designated as Confidential shall be used only for the purposes of this Action (including but not limited to motions and the trial of the issues raised therein) and any appeal therefrom, shall not be used for any other purpose, and shall not be disclosed to any non-party except as disclosed in any public forum including the Court's records and trial of this Action, including the press or the public, except as set forth herein.

6.     Should any person use or disclose Confidential material or information other than in accordance with the provisions of this Protective Order, then such person or his/her/its counsel shall

3

promptly notify the claimant of confidentiality of such use or disclosure and all facts relating thereto, retrieve all Confidential material improperly disclosed, and, in cooperation with claimant, take such other action as is reasonably necessary and available to minimize the scope and effects of unauthorized use or disclosure.

7.     Confidential material shall not include any information that is or was public knowledge, or subsequently becomes public knowledge, through no violation of this Protective Order.

8.     Unless otherwise agreed upon by the parties, all Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions" (available on the Court's website) and by Section 11 of the Court's Individual Practices. The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal.

9.     Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

10.     Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11.     The inadvertent or unintentional failure to designate specific information or material as Confidential shall not be deemed a waiver in whole or in part of a producing party's claims of confidentiality as to such material. Upon prompt written notice to the receiving party of such failure

4

to designate, the receiving party shall use its best efforts to cooperate to restore the requested confidentiality of the inadvertently disclosed information (without prejudice to its right to later challenge the confidentiality of such information or document), including, if requested by the disclosing party, the return or destruction of originals and all copies of the documents or things containing the Confidential material within five business days so that the producing party may designate them as containing such information.

12.     If information or documents subject to a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, the production of which should not be made to any party, is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which any producing party would otherwise be entitled. Upon the request of the producing party, any party that received inadvertently produced documents shall, within five (5) business days, return such documents to the producing party or certify that such documents and any and all copies made therefrom have been destroyed. Return of the document or information by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or information is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production

13.     Nothing herein shall restrict the presentation of any evidence to the Court at trial or any other hearing in this action, provided that such presentation shall not constitute a waiver of any restriction contained in this Protective Order, and the Parties shall take reasonable steps to maintain the confidentiality of confidential material at trial or any other hearing in this action in such manner as the Court may direct.

14.     Should a Party object to the designation of materials or information as Confidential, that Party shall give written notice of such objection to the other Party. Counsel shall then confer in an effort to resolve such objections. If no resolution is reached, the Party objecting to such designation may apply to this Court under seal for a ruling whether the material in question should be treated as Confidential under this Protective Order.

15.     In the event any non-party serves a subpoena seeking Confidential material, or information derived from Confidential material, on one of the parties, the party shall not produce or otherwise make available such information, until it notifies the other parties in this action and permits those parties a reasonable opportunity to move to quash the Subpoena, or until ordered to do so by a court of competent jurisdiction.

16.     This Protective Order shall survive the termination of the litigation. The Court shall retain jurisdiction over the parties for enforcement of its provisions. Within 30 days of the final disposition of this action, any party possessing Discovery Material designated as "Confidential," shall take reasonable steps to delete said Confidential Discovery Material to the fullest extent technologically possible and, in any event, render it inaccessible by their representatives, attorneys and staff involved in litigation of this action.

17.     Notwithstanding anything herein to the contrary, the deletion of electronic copies of the data of the other party shall be subject to such receiving party's routine data backup policies and retention policies, and that the actual deletion of such electronic copies of the data of the other party may occur as such backup media is overwritten and as part of such retention policies.

18.     This Protective Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, or admissible, or is, in fact, confidential or a trade secret. The parties do not waive any right to object to the discoverability, relevance, or admissibility of any document or other evidence. There are no intended beneficiaries of this

Stipulation and Order other than the parties to this action and the Court, and no other person shall acquire any right hereunder.

19. This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection from any particular material or information.

20. This Protective Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Protective Order.

By: _____
Timothy J. Fierst.
The Fierst Law Group, P.C.
462 Sagamore Avenue, Suite 2
East Williston, New York 11596
Tel.: (516) 586-4221
*Counsel for Plaintiff*

By: _____
Matthew J. Schenker
FOX ROTHSCHILD LLP
101 Park Avenue, 17th Floor
New York, NY 10017
Tel.: (212) 905-2308
*Counsel for Defendant*

SO ORDERED.

_____  5/20/21
CATHY SEIBEL, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOLUTIONS EXPRESS d/b/a SOLEX

        Plaintiff,

     - against -

ASHLEY FURNITURE INDUSTRIES, INC.,

        Defendant.

Civil Action No: 7:20-cv-07843(CS)

**NON-DISCLOSURE
AGREEMENT**

I, _____, acknowledge that I have read and understand the Stipulation and Protective Order for the Production and Exchange of Confidential Information in this action (the "Order"). I agree that I will not disclose any Confidential Discovery Material produced in this litigation to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising under this Non-Disclosure Agreement and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated: _____            _____